UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD HARDMAN | § | |
| Plaintiff, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:06-cv-00261 |
| DEVON ENERGY CORPORATION, DEVON ENERGY PRODUCTION COMPANY, L.P., and DEVON ENERGY MANAGEMENT COMPANY, LLC | § § § § § § | |
| Defendant. | § § | |

## DEFENDANT DEVON ENERGY CORPORATION'S MOTION TO DISMISS

Pursuant to Fed R. Civ. P. 12(b)(6), Defendant Devon Energy Corporation ("Devon") files this Motion to Dismiss for failure to state a claim upon which relief can be granted and would show the following:

### I. INTRODUCTION

1. The Court granted Devon's Motion for More Definite Statement and on May 12, 2006, signed an order for Plaintiff, Richard Hardman ("Hardman" or "Plaintiff"), to file an amended complaint setting forth his cause of action in more detail.

2. On June 12, 2006, Hardman filed Plaintiff's First Amended Complaint (the "Complaint") and added two additional defendants, Devon Energy Production Company, L.P. ("DEP") and Devon Energy Management Company, LLC ("DEM").

3. In Paragraph 12, the Complaint alleges that Hardman licensed <u>Fast Dip</u>, the software at issue in this matter (the "Software"), to Z&S Consultants Limited

("Z&S") which in turn granted a sub-license to Pennzoil Exploration & Production Company ("Pennzoil").

4. In Paragraphs 13 and 14, the Complaint describes the series of corporate successions by which Pennzoil became DEP.

5. In Paragraph 16, the Complaint alleges that DEP, upon information and belief, has at least one copy of the Software and that DEP is the entity that has infringed upon Hardman's copyright. The Complaint does not allege that Devon infringed upon Hardman's copyright.

6. In Paragraph 17, the Complaint alleges that, "Because of DEP's infringement, DEM and Devon each benefit financially to Plaintiff's detriment."

7. In Paragraphs 18 and 19, the Complaint asserts that "Devon's corporate separation from DEP and DEM has ceased to exist," due to the entities' similar officers, directors and address.

## II. MOTION TO DISMISS

### A. Applicable Standard

8. When deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is to construe Plaintiff's complaints in a light most favorable to Plaintiff and take all the allegations contained therein as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974). The Court, however, has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the allegations shown on the face of the complaint demonstrate an insuperable bar to relief. *See* Fed. R. Civ. P. 12(b)(6); *United States v. Uvalde Consol. I. S. D.*, 625 F. 2d 547, 548 & n.1 (5th Cir. 1980); *see also Clark v. Amoco Prod. Co.*, 794 F. 2d 967, 970

(5th Cir. 1986). Dismissal in this case is justified because the allegations in the complaint itself clearly demonstrate that Plaintiff does not have a claim against Devon. A complaint also fails to state a claim upon which relief can be granted if it fails to demonstrate facts that support each essential element of the cause of action. *See Fernandez-Montes v. Allied Pilots Assoc.*, 987 F. 2d 278, 285 (5th Cir. 1993); *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1003-04 (S.D. Tex. 1995). Plaintiff's complaint should be dismissed for both reasons.

**B.  Financial Benefit Not Sufficient for Infringement Liability**

9. In Paragraph 17, the Complaint alleges that, "Because of DEP's infringement, DEM and Devon each benefit financially to Plaintiff's detriment." A claim for copyright infringement must state, among other things, by what acts and during what time frame defendants have infringed the copyright. *Paragon Services, Inc. v. Hicks*, 843 F. Supp. 1077, 1081 (E.D. Va. 1994); *Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.*, 763 F. Supp. 1, 4 (S.D. N.Y. 1991); *Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, 820 (W.D. Mo. 1986), judgment aff'd, 833 F.2d 117 (8th Cir. 1987). The Complaint does not state by what acts Devon infringed on Plaintiff's copyright. More specifically, nowhere in the Complaint is there an allegation that Devon infringed.

10. Devon's alleged financial benefit is of no relevance to the determination of its liability in a copyright infringement claim. DEP is an Oklahoma limited partnership, and under Section 320 the Oklahoma Revised Uniform Limited Partnership Act, a limited partner, whether by direct or indirect ownership, of a limited partnership is not liable for the obligations of the limited partnership regardless of financial benefit.

### C. Corporate Separateness Has Been Retained

11. The Complaint attempts to assert in Paragraph 19 that, "Devon's corporate separation from DEP and DEM has ceased to exist," because of similar officers, directors and principal addresses. However, similar officers and addresses do not rise to the standard required for a finding that corporate separation has ceased to exist. A Fifth Circuit case has found that 100% stock ownership, shared officers, and financing arrangements are not enough to establish an alter-ego relationship. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593-4 (5th Cir. 1999). Rather what is necessary for such a finding is complete domination of one entity by another. *Id.*

12. Moreover, Plaintiff has pled in paragraphs 2, 3 and 4 of the Complaint that Devon, DEM and DEP are separate legal entities.

### D. Conclusion

13. Even if Plaintiff's allegations are taken as true, Devon cannot be liable for copyright infringement due to financial benefit and cannot be considered the same entity as DEP. While it remains to be seen whether DEP is liable for infringement, Plaintiff simply has not stated a claim against Devon upon which relief may be granted.

### III. PRAYER

14. Devon respectfully requests pursuant to FED. R. CIV. P. 12(b)(6) that the Court to dismiss Plaintiff's claims against Devon.

15. Devon asks the Court for all other relief to which it may be entitled.

Respectfully Submitted,

_____
John B. Beckworth
State Bar No. 02021500
Federal Bar No. 1546
1010 Lamar, Suite 1600
Houston, Texas 77002
(713) 650-8100
(713) 650-8141 (facsimile)

**Attorney-In-Charge for Defendant,
Devon Energy Corporation**

**OF COUNSEL:**

WATT BECKWORTH THOMPSON &
HENNEMAN, L.L.P.
James T. Thompson
Texas Bar No. 24033392
Federal Bar No. 37827
1010 Lamar, Suite 1600
Houston, Texas 77002
(713) 650-8100
(713) 650-8141 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this the 22nd day of June, 2006, a copy of this document was forwarded to the following counsel of record, by United States certified mail, return receipt requested in accordance with Rule 5 of the Federal Rules of Civil Procedure and LR 5.3 of the Local Rules of the United States District Court for the Southern District of Texas:

Jaime E. Rocha
The Rocha Law Firm, PLLC
3730 Kirby Drive, Suite 1200
Houston, Texas 77098

_____
John B. Beckworth